IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES T. YIN, <br><br> Defendant. | 8:24CV449 <br><br> **ORDER** |

    On June 17, 2025, the magistrate judge[1] issued an order to show cause ordering plaintiff Joe Hand Promotions, Inc. ("Joe Hand") to show cause why the Court should not dismiss the claims against defendant Charles T. Yin ("Yin") for failure to prosecute (Filing No. 14). The Court set a deadline for June 30, 2025, and warned that failure to comply with its order may result in dismissal of Joe Hand's claims against Yin. While Joe Hand did move for default judgment against the other defendants in the case on June 30, 2025 (Filing No. 15), it has not taken any action to prosecute its case against Yin, nor has it responded to the show-cause order.

    Accordingly, on July 22, 2025, the magistrate judge entered his Findings and Recommendation (Filing No. 18), recommending that Joe Hand's claims against Yin be dismissed "for want of prosecution without further notice" pursuant to Nebraska Civil Rule 41.2. *See also* 28 U.S.C. § 636(b)(1) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations to involuntarily dismiss an action). Neither party has objected or otherwise responded. Section 636(b)(1) allows a party to object in writing to a magistrate judge's "proposed findings and recommendations" regarding a dispositive matter "[w]ithin

---

[1]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

fourteen days after being served with a copy" of the proposed disposition. *See also* Fed. R. Civ. P. 72(b)(3); NECivR 72.2.

Failing to prosecute is grounds for dismissal. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Failing to comply with the Court's show-cause order is also grounds for dismissal with prejudice. Fed. R. Civ. P. 41(b) (providing for involuntary dismissal if the plaintiff fails to prosecute or follow a court order).

After careful review of the record in this case, the Court finds Joe Hand's unexplained failure to prosecute its case against Yin and refusal to show cause warrant prejudicial, rather than nonprejudicial, dismissal. Accordingly,

IT IS SO ORDERED

1. The magistrate judge's Findings and Recommendation (Filing No. 18) is accepted as modified. Any objections are deemed waived.
2. The claims against defendant Charles T. Yin are dismissed with prejudice.
3. A separate judgment will issue.

Dated this 22nd day of September 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge