IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>BARNATO, LLC; EAB PRODUCTIONS, LLC; JSP PRODUCTIONS, LLC; ETHAN A. BONDELID; JASON C. PITTACK; and SHELBI A. PITTACK,<br><br>    Defendants. | 8:24CV449<br><br>**MEMORANDUM AND ORDER** |

On July 15, 2025, the Court granted plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") Motion for Default Judgment (Filing No. 15) against defendants Barnato, LLC; EAB Productions, LLC; JSP Productions, LLC; Ethan A. Bondelid; Jason A. Pittack; and Shelbi A. Pittack (collectively, "defendants") as to its claims for satellite piracy under 47 U.S.C. § 605 (Filing No. 16). The Court awarded Joe Hand $10,000 in statutory damages, $505.04 in costs, and concluded Joe Hand was entitled to recover reasonable attorney fees for expenses "it incurred in bringing this action and serving the defendants." The Court ordered Joe Hand to file a motion for attorney fees.

On July 24, 2025, Joe Hand filed a Motion for Attorney Fees incurred in connection with this case under 47 U.S.C. § 605(e)(3)(B)(iii) (Filing No. 19). As with Joe Hand's prior motions in this case, the defendants failed to respond to the motion for attorney fees.

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court is required to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." A prevailing party is the "party ultimately prevailing when the matter is finally set at rest." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (quoting Black's Law Dictionary 1352 (rev. 4th ed. 1968)). Joe Hand is "an aggrieved party who" has prevailed in this case

because the Court has awarded default judgment, damages, and costs in its favor. 47 U.S.C. § 605(e)(3)(B)(iii). Thus, Joe Hand is also entitled to an award of attorney fees. *See id.*

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Jet Midwest Int'l Co. v. Jet Midwest Grp.*, LLC, 93 F.4th 408, 420 (8th Cir. 2024) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Id.* (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)). Once the Court has calculated the "reasonable hourly rate and the reasonable number of hours worked," it uses them to calculate the lodestar. *Id.* (quoting *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021)).

Joe Hand has provided a detailed time sheet breaking down the services rendered by each timekeeper and the time they spent on each activity. Joe Hand's counsel has also included a sworn declaration explaining the rationale for his hourly rate. Joe Hand states it incurred attorney fees in the amount of $3,900, which represents 4.2 hours of work by a paralegal with over twelve years of experience at the rate of $150 per hour, and 10.9 hours of work by an attorney with fifteen years of experience at the rate of $300 per hour. Joe Hand's counsel further states that they have over fourteen years of experience litigating "federal piracy claims on behalf of commercial pay-per-view distributors of major televised sporting events."

Based on the Court's "familiar[ity] with its local bar" and "the prevailing hourly rate[s]," *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019), the Court finds that both the paralegal's claimed rate of $150 per hour and the attorney's claimed rate of $300 per hour are reasonable for the type of work and their level of experience. *See Joe Hand Promotions, Inc. v. Cantina El Sol, LLC*, No. 8:22-CV-113, 2023 WL 4295507, at *4 (D. Neb. June 30, 2023), *aff'd*, No. 23-2730, 2023 WL 8946762 (8th Cir. Dec. 28, 2023) (concluding the same). What's more, after carefully reviewing the itemized timesheet

provided, the Court finds the hours were all "reasonably expended on the litigation." *Jet Midwest*, 93 F.4th at 420 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). Thus, the Court finds Joe Hand's unopposed request and supporting documentation are reasonable under the circumstances. Accordingly,

    IT IS ORDERED

1. Plaintiff Joe Hand Promotions, Inc.'s Motion for Attorney Fees (Filing No. 19) is granted.
2. Joe Hand is awarded $3,900 in attorney fees against defendants Barnato, LLC; EAB Productions, LLC; JSP Productions, LLC; Ethan A. Bondelid; Jason A. Pittack; and Shelbi A. Pittack.
3. An amended judgment will issue.

Dated this 24th day of September 2025.

                              BY THE COURT:

                              Robert F. Rossiter, Jr.
                              Chief United States District Judge